IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STEPHEN AGNONE & ENZO AGNONE; DOUGLAS & CYNTHIA PORCELLI; BRIDGE POINTE AT JEKYLL SOUND COMMUNITY ASSOCIATION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CAMDEN COUNTY, GEORGIA; WILLIS R. KEENE, JR.; JIMMY STARLINE; CHUCK CLARK; TONY SHEPPARD; GARY BLOUNT; DAVID L. RAINER; KATHERINE NISI ZELL; CHARLENE SEARS; STEPHEN L. BERRY; STEPHEN L. HOWARD; O. BRENT GREEN; JOHN MCDILL; DAVID KEATING; SCOTT BRAZELL; LEXON INSURANCE COMPANY; THOMAS A. DIERUF; DAVID E. CAMPBELL; JEKYLL SOUND DEVELOPMENT COMPANY, LLC; and CAMDEN COUNTY DEVELOPMENT, LLC, <br><br> Defendants. | Civil Action No: <br> 2:14-cv-00024-LGW-BKE |

## **AMENDED REPORT AND RECOMMENDATION TO CERTIFY CLASS ACTION AND PRELIMINARILY APPROVE CLASS SETTLEMENT**

On October 2, 2018, the Court recommended granting Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class and three supplements thereto. (Doc. no. 94.) On October 9, 2018, Plaintiffs filed their Request for Modification of Report and Recommendation. (Doc. no. 97.) On October 10, 2018,

Defendants filed a Notice of Consent stating they have no objection to either the October 2nd Report and Recommendation or the modifications proposed by Plaintiffs. (Doc. no. 98.) On the same date, the Court conducted a phone conference to propose one additional modification to the Report and Recommendation. All parties consented to the modification. (Doc. no. 100.) Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class and three supplements thereto, (doc. nos. 78, 82, 84, 91), be **GRANTED** on the modified terms and conditions set forth below.

Plaintiffs, Class Representatives, the Lexon Defendants[1] and Camden County, Georgia ("Camden County") have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Agreement" or the "Settlement" or the "Settlement Agreement"). The parties reached the Settlement through arm's length negotiations after three mediations. Under the Settlement, if approved, the Settlement Class will receive a total of $11.75 million (the "Settlement Proceeds") (i) to construct infrastructure improvements in Phase I in the Bridge Pointe at Jekyll Sound Subdivision (the "Subdivision"), (ii) to pay their attorneys' fees approved by the Court, and (iii) to pay to Class Representatives service fees not to exceed $5,000 each for their service as such.

Pursuant to the terms and conditions of the Agreement, Lexon has paid on behalf of Camden County: (i) $3,750,000 into the Registry of this Court to be held pending final approval of the Settlement in this Action and disbursed in accordance with the Agreement, and

---

[1] The Lexon Defendants are Lexon Insurance Company; Jekyll Sound Development Company, LLC; Camden County Development, LLC; Thomas A. Dieruf; and David E. Campbell.

$250,000 to Bridge Pointe at Jekyll Sound Community Association, Inc. ("BPJSCA" or the "Association") to pay a portion of the Association's attorneys' fees related to the litigation. The Lexon Defendants will also pay all costs of notice to the Settlement Class. The Settlement will collectively benefit Class Members by providing funds to construct infrastructure improvements in the Subdivision. A description of how and when the Settlement Proceeds will be paid and disbursed, if the Settlement is finally approved, is included in the Agreement.

In exchange for these considerations, Class Representatives and each member of the Settlement Class will be deemed to have fully, finally, and forever resolved, discharged, and released their claims against the Lexon Defendants and others as described in paragraph 9.a of the Settlement Agreement, relating to or arising from the Subdivision and Bonds issued by Lexon Insurance Company to secure infrastructure improvements in the Subdivision (the "Bonds"), and the subject matter of this Action, the Camden County Action,[2] and the Befumo Action,[3] except any claim any Class Member may have against BPJS Investments, LLC ("BPJSI"), Robert Steven Williams, Sr., Robert Steven Williams, Jr., Wilrite, LLC, George L. Potter, Alexander Michael Martinez, MIROBO LLC, and Emerson Property, LLC.

The Agreement has been filed with the Court, and Class Representatives and Class Counsel have filed a Motion for Preliminary Approval of Class Settlement and for Certification of the Settlement Class as supplemented and revised (the "Motion"), and the Joint Statement of Class Counsel, in support of the Motion. Upon considering the Motion as supplemented and revised and exhibits thereto, the Settlement, the record in these proceedings, the

---

[2] Camden County v. Lexon Insurance Company, et. al., Case No. 2:14-cv-00020-LGW- BKE (S.D. Ga 2014).

[3] Befumo, et al. v. Lexon Insurance Co., et al., Civil Action File No. 17-A05587-1, Superior Court of Gwinnett County, Georgia.

representations and recommendations of Class Counsel, and the requirements of law, the Court **REPORTS** and **RECOMMENDS** findings that: (i) the Court has jurisdiction over the subject matter and parties to these proceedings; (ii) for settlement purposes only, the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified; (iii) the persons and entities identified below should be approved as Class Representatives and Class Counsel; (iv) the Settlement is the result of informed, good-faith, arm's length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (v) the Settlement is within the range of reasonableness and should be preliminarily approved; (vi) the proposed Notice Program and proposed form of notice, as modified below, satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Class Action, Class Certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for service fees for Class Representatives, and Class Members' rights to object to the Settlement; (vii) good cause exists to schedule and conduct a Final Fairness Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether to grant Class Counsel's Fee Application and request for service fees for Class Representatives; and (viii) the other related matters pertinent to the preliminary approval of Settlement should also be approved.

The Court further **REPORTS** and **RECOMMENDS** the following findings and conclusions:

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a)

because the claims asserted in the Second Amendment to Complaint are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Moreover, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) as the matter in controversy exceeds $5,000,000, and at least one member of the proposed Class is a citizen of a state different from that of any of the Defendants.

2. This Court has personal jurisdiction over the Lexon Defendants. Each of them is alleged to have breached agreements and duties to be performed in Camden County, Georgia.

3. Venue is proper in this District because a substantial part of the events giving rise to the claims against Lexon Defendants allegedly occurred in Camden County, Georgia, the Bonds were underwritten for construction of infrastructure improvements in Camden County, and each of the Lexon Defendants is alleged to have breached agreements and duties to be performed in Camden County.

**Certification of Proposed Settlement Class**

4. In deciding whether to preliminarily certify a settlement class, a court must consider the same facts that it would consider in connection with a proposed litigation class – i.e, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997); Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977); Columbus Drywall & Insulation, Inc. v. Masco Corp., 258 F.R.D. 545, 553-54 (N.D. Ga. 2007).

### Class Definition

5. The Court finds, for settlement purposes only, that the Federal Rule of Civil Procedure 23 factors are present and certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, preliminarily certifies the following Settlement Class:

> All persons or entities who hold legal or equitable title as of the date of preliminary approval of the Class Action Settlement to any Unit or Parcel in the Bridge Pointe at Jekyll Sound Subdivision and any transferees of any Unit or Parcel following preliminary approval of the Class Action Settlement (together the "Lot Owners"); provided, however, that BPJS Investments, LLC, Robert Steven Williams, Sr., and Robert Steven Williams, Jr. shall not be members of the Settlement Class, as they have already released any and all claims against the Lexon Defendants.

### Fed. R. Civ. P. 23 Class Action Factors

6. The Court finds, for settlement purposes only, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In this Action there are hundreds of Class Members hailing from some 28 states across the United States. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. See Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878 (11th Cir.1986); Columbus Drywall & Insulation, 258 F.R.D. at 554.

(b) <u>Commonality</u>: The bar for proving commonality is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members. See Williams v. Mohawk Industries, 568 F.3d 1350, 1355 (11th Cir. 2009). Here, the commonality requirement is satisfied for settlement purposes because there are many questions of law and fact common to the Settlement Class regarding the Subdivision and the Bonds, including: (i) whether Class Members had standing to bring their claims; (ii) whether

the Lexon Defendants owed any duty or obligation to any of the Class Members; (iii) whether any claims Class Members might have had against the Lexon Defendants have already been released by the County's release of Lexon from liability; (iv) whether any of the Lexon Defendants breached any duty or obligation to any of the Class Members; (v) the extent to which the Bonds covered the costs of infrastructure improvements that were not completed by the developer of the Subdivision; and (vi) if there was any breach of any obligation or duty by any of the Lexon Defendants, what the remedy should be. See Fed. R. Civ. P. 23(a)(2).

(c)     Typicality: Class Representatives are typical of absent Settlement Class Members because the infrastructure improvements that would benefit the lots in the Subdivision have not been constructed, and all of them will benefit from the relief provided by the Settlement. Further, the Class Representatives are not subject to any unique defenses. Rule 23(a)(3) is therefore satisfied, See Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)     Adequacy: Adequacy under Rule 23(a)(4) relates to: (i) whether the proposed class representative has interests antagonistic to the Settlement Class; and (ii) whether the proposed class counsel has the competence to undertake the litigation at issue. See In re Piedmont Office Trust, Inc. Sec. Litig., 264 F.R.D. 693, 699 (N.D. Ga. 2010). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between Class Representatives and

the Settlement Class as to the settlement of this Action,[4] and Class Representatives have retained competent counsel to represent them and the Settlement Class. Class Counsel have regularly engaged in complex litigation with factual and legal issues similar to the present Action, including collective actions, and have dedicated substantial resources to prosecuting this action. Moreover, the Class Representatives and Class Counsel have vigorously and capably represented the Class Members' interests in this action.

(e) <u>Risk of Inconsistent Judgments</u>: Under Rule 23(b)(1)(A), certification is appropriate if there is a risk of "inconsistent or varying adjudications" that would subject the defendant to "incompatible standards of conduct." <u>See</u> Fed. R. Civ. P. 23(b)(1)(A). "The phrase 'incompatible standards of conduct' refers to the situation where different results in separate actions would impair the opposing party's ability to pursue a uniform continuing course of conduct." <u>Zinser v. Accufix Research Inst., Inc.</u>, 253 F.3d 1180, 1193 (9th Cir.), <u>opinion amended on denial of reh'g</u>, 273 F.3d 1266 (9th Cir. 2001) (some internal quotation marks omitted). Courts routinely certify classes under Rule 23(b)(1)(A) when adjudication of a single action will require the defendant to take actions that will necessarily affect the entire class. <u>See, e.g.</u>, <u>Klewinowski v. MFP, Inc.</u>, No. 8:13-CV-1204-T-33TBM, 2013 WL 5177865, at *3 (M.D. Fla. Sept. 12, 2013) (certifying class under Rule 23(b)(1)(A) because a single, unitary adjudication was the only way to conclusively determine whether the letter defendant sent its customers violated the law); <u>Smith v. Tower Loan of Mississippi, Inc.</u>, 216 F.R.D. 338, 371 (S.D. Miss. 2003), <u>aff'd sub nom</u>. <u>Smith v. Crystian</u>, 91 F. App'x 952 (5th

---

[4] BPJSI is an owner of lots in the Subdivision and is a defendant in the <u>Befumo</u> Action and another action brought by members of the Settlement Class and Class Counsel. However, BPJSI has already released all of its claims against the Lexon Defendants and is excluded from the putative class.

8

Cir. 2004) (certifying class under Rule 23(b)(1)(A) when plaintiffs challenged the lawfulness of policies that applied to all customers); Rozo v. Principal Life Ins. Co., No. 4:14-CV-000463-JAJ-CFB, 2017 WL2292834, at *5 (S.D. Iowa May 12, 2017) (certifying class under Rule 23(b)(1)(A), because "[i]f the class is not certified, and adjudication proceeds on an individual basis, there is a very real risk of inconsistent judgments regarding [the defendant's] fiduciary status and its compliance with ERISA standards, as well as the amount of money to which plan participants are entitled"); In re Enron Corp., No. CIV.A. H-01-3913, 2006 WL 1662596, at *15 (S.D. Tex. June 7, 2006) (certifying class under Rule 23(b)(1)(A) in ERISA action because adjudication of individual action would impose obligations on defendant that would apply equally to all class members).

Indeed, the 1966 Advisory Committee Note to Rule 23(b)(1)(A) specifically identifies disputes over a bond issue as a situation that would warrant certification under Rule 23(b)(1). See Fed. R. Civ. P. 23 Advisory Committee 1966 Cmt (also identifying disputes regarding a landowner's riparian rights or rights respecting a nuisance as warranting certification under Rule 23(b)(1)). The committee reasoned this situation warranted a "unitary adjudication" because a defendant might be ordered to comply with two differing standards of conduct. See id.

Here, Class Representatives allege the Lexon Defendants failed to honor their obligations under payment and performance bonds and this failure, in turn, has prevented the construction of infrastructure improvements in the Subdivision that would benefit owners of lots in the Subdivision. These improvements would be common to each lot owner in the Subdivision. Moreover, whether and the extent to which the Lexon Defendants would be liable to Class Representatives and Class Members to construct these improvements turns on several

9

issues including (a) the standing of a lot owner who is not a party to the Bonds to enforce the obligations of the surety, (b) whether the County's alleged release of the Bonds is binding on Class Members, and (c) the extent to which the Lexon Defendants would be liable, if at all, for completion of infrastructure improvements in the Subdivision under the Bonds. Thus, a unitary adjudication is necessary to avoid potentially inconsistent judgments and differing standards of conduct.

(f) <u>Protection of the Interests of Other Similarly Situated Claimants</u>:

Certification is appropriate under Rule 23(b)(1)(B) when "adjudications with respect to individual class members [would], as a practical matter, . . . be dispositive of [or impair] the interests of the other members not parties to the individual adjudications." <u>See</u> Fed. R. Civ. P. 23(b)(1)(B).

The Lot Owners will have, through the Association, an interest in roads, sewers, and other common elements of the Subdivision as co-owners. A judgment bearing on the interest of one Lot Owner will, therefore, potentially impact or impair the interests of other Lot Owners. Accordingly, all Lot Owners should be part of the Class, except BPJSI, Williams, Sr., and Williams, Jr., which have already released all of their claims against the Lexon Defendants, because as Class Members all of them will be potentially affected by the judgment. <u>See</u> <u>Reefshare, Ltd. v. Nagata</u>, No. CV 87-0024, 1987 WL 109921, at *6 (D. Haw. Aug. 4, 1987), <u>certified question answered</u>, 70 Haw. 93, 762 P.2d 169 (1988); 7 Charles A. Wright & Arthur R. Miller, et al., Fed. Prac. & Proc. Civ. § 1621 (3d ed. 2017) ("[W]hen all cotenants will be affected by the judgment or when the absence of some of them will prevent complete justice from being rendered to everyone interested in the land, all the cotenants must be joined.").

In addition, the Court in Reefshare found creation of negative precedent is enough to find a party's interest may be impaired or impeded. Here, each of the Lot Owners has essentially the same claim against the Lexon Defendants based on the same facts. If these actions proceed individually, courts in any other actions, while not bound by an earlier decision, will "undoubtedly consider and possibly respect any such . . . ruling." See Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1310 (5th Cir. 1986). Because individual adjudications would impair or impede the interests of other lot owners, certification under Rule 23(b)(1)(B) is appropriate here.

 (g) General Applicability to the Class:

Rule 23(b)(2) provides that a class action is appropriate when a party against whom class allegations have been made "has acted or refused to act on grounds that apply generally to the class," and the representatives are seeking "final injunctive relief or corresponding declaratory relief." Fed. R. Civ. P. 23(b)(2). Certification of a class under Rule 23(b)(2) is appropriate where the remedy sought is "an indivisible injunction" that applies to all class members "at once." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 362 (2011).

The Settlement will create a common fund that will be used to build infrastructure improvements in Phase I of the Subdivision. The improvements are common to all Lot Owners in that they may be used by (and will provide a benefit to) any person who owns a lot in the Subdivision. In allegedly failing to complete/fund these improvements, the Lexon Defendants acted in a way that is "generally applicable" to the entire Settlement Class. An injunction requiring Lexon to perform under the Bonds would provide a common fund for the construction by the Association of infrastructure in the Subdivision. This is a form of "indivisible relief" that would flow to the Settlement Class as a whole "at once." Finally, the

Lot Owners in this Action specifically requested injunctive relief. For these reasons, certification under Rule 23(b)(2) is appropriate here.

## Appointment of Class Representatives and Class Counsel

7. The Court appoints the following persons as Class Representatives: Douglas Porcelli, Joseph Moronese, Jr., and Richard Mumford.

8. The Court appoints the following persons and entities as Class Counsel who shall be responsible for handling all Settlement-related matters on behalf of Class Representatives and the Settlement Class:

| | |
|---|---|
| Robert G. Aitkens | John T. Sparks, Sr. |
| Aitkens & Aitkens, P.C. | Austin & Sparks, P.C. |
| 827 Powers Ferry Road | 2974 Lookout Place, N.E. |
| Building One, Suite 100 | Suite 200 |
| Atlanta, GA 30339 | Atlanta, GA 30305 |
| Telephone: (770) 952-4000 | Telephone: (404) 869-0100 |

## Preliminary Approval of the Settlement

9. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg on Class Actions, § 11.26 (4th ed. 2010). Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies, and the settlement falls within the range of reason. Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. See Manual for Complex Litigation, § 30.42 (3rd ed. 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

10. The Court recommends preliminary approval of the Settlement (and the exhibits attached to the Motion, as supplemented and revised) as being fair, reasonable, and adequate. The Court finds the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's length negotiations between the parties, and their capable and experienced counsel after three mediations. The Court further finds that the Settlement (including the exhibits attached to the Motion, as supplemented), is within the range of reasonableness and possible judicial approval, such that: (i) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; (ii) it is appropriate to provide notice to the Settlement Class, as set forth below and in the Settlement, and (iii) the Court should schedule a Final Fairness Hearing to assist the Court in determining whether to grant final approval to the Settlement and enter final judgment.

**Approval of Notice and Notice Program and Direction to Effectuate Notice**

11. The Court recommends approval of the form and content of the Notice to be provided to the Settlement Class, substantially in the form attached as Exhibit 3 to the Representative Plaintiffs' and Proposed Class Counsel's Third Supplement to Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class. The Court further finds that the Notice Program, described in paragraph 7 of the Settlement, is practicable under the circumstances. The Notice and Notice Program are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, Class Certification, the terms of the Settlement, and their rights to object to the Settlement, Class Counsel's fee request, and the request for service awards for Class Representatives. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rules of Civil Procedure 23 and the constitutional requirement of due

process.

12. Two changes to the Notice are necessary, however, for the sake of clarity and completeness:

    (a) The following sentence shall be added as the second sentence to § 11, *How will the lawyers be paid?*: "The attorneys' fee award of not more than $400,000 to be sought from the Court is in addition to $792,607.52 in attorneys' fees previously paid to Class Counsel as referenced in § 7 above and the fee request filed by Class Counsel."

    (b) The following sentence shall be added as the final sentence to § 7, *What does the Settlement provide?*: "For more information regarding infrastructure costs, please see the W.H. Gross Estimate dated September 24, 2018, a copy of which is available at www.noticeclass.com/BridgePointeSettlement."

**Appointment of Settlement Administrator and Duties**

13. The Court recommends that Stephen Tilghman (Tilghman & Co., P.C., Post Office Box 11250, Birmingham, Alabama 35202) be appointed to act as Settlement Administrator.

14. The Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement, using substantially the form of Notice attached as Exhibit 3 to the Representative Plaintiffs' and Proposed Class Counsel's Third Supplement to Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class and approved by this Order. Notice shall be provided by Mail or email, if available from Class Counsel, to all of the Settlement Class Members.

15. The Settlement Administrator shall administer the Notice Program. Within the time frames described herein, the Settlement Administrator shall send Notice by United States Mail or email to all of the Settlement Class Members.

16. The Notice Program shall commence on October 15, 2018 and shall be completed by November 5, 2018.

17. On or before November 12, 2018, the Settlement Administrator shall provide Class Counsel and counsel for the Lexon Defendants an affidavit or declaration that confirms the Notice Program was completed in a timely manner. Class Counsel shall file such affidavit or declaration with the Court in conjunction with Class Representatives' Motion for Final Approval of the Settlement.

18. All fees and costs associated with the Notice Program shall be paid by the Lexon Defendants, as set forth in the Settlement.

19. The Settlement Administrator shall establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established by October 15, 2018. The Settlement Website shall include links to the Settlement, the Notice, this Order, and such other documents as Settlement Class Counsel and counsel for the Lexon Defendants agree to post or that the Court orders posted on the Settlement Website. These documents shall remain on the Settlement Website at least until final approval.

20. The Settlement Administrator shall provide a help line for Settlement Class Members to call with Settlement-related inquiries, and shall answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries.

21. The Settlement Administrator is directed to perform any other responsibilities under the Notice Program assigned to the Settlement Administrator by Counsel for the Lexon Defendants and Class Counsel.

**Final Approval Hearing and Objections**

22. The Court recommends a Final Fairness Hearing be scheduled for the date and time set forth in paragraph 27 to assist the Court in determining whether to grant Final Approval of the Settlement, and whether Class Counsel's Fee Application and request for service fees for Class Representatives should be granted.

23. Any member of the Settlement Class may object to the Settlement, Class Counsel's Fee Application and/or the request for service fees for Class Representatives. Any such objections must be filed or mailed, and postmarked no later than January 22, 2019, to the Clerk of Court, Settlement Class Counsel, and counsel for the Lexon Defendants, at the addresses provided below:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Brunswick Courthouse<br>P.O. Box 1636<br>Brunswick, GA 31521 | Robert G. Aitkens<br>Aitkens & Aitkens, P.C.<br>1827 Powers Ferry Road<br>Building One, Suite 100<br>Atlanta, GA 30339<br><br>John T. Sparks, Sr.<br>Austin & Sparks, P.C.<br>2974 Lookout Place, N.E.<br>Suite 200<br>Atlanta, GA 30305 | W. Joseph McCorkle, Jr.<br>Balch & Bingham LLP<br>P.O. Box 78<br>Montgomery, Alabama 36101<br><br>Geremy W. Gregory<br>Balch & Bingham LLP<br>841 Prudential Drive<br>Suite 1400<br>Jacksonville, FL 32207 |

For an objection to be considered by the Court, the objection must be filed or postmarked no later than January 22, 2019, and must include the following information:

> (i) the objector's full name, address, telephone number, and e-mail address (if any);
>
> (ii) information identifying the objector as a Settlement Class Member, including any documentary proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of deed to lot or lots in the Subdivision, or evidence of payment of property taxes for 2018);

(iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

(iv) the identity/ies of all counsel representing the objector;

(v) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing;

(vi) the identity/ies of all counsel representing the objector who will appear at the Final Fairness Hearing;

(vii) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; and

(viii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

An objection shall be deemed to have been submitted when mailed, provided it is received with a postmark date indicated on the envelope of no later than January 22, 2019, mailed first-class postage prepaid, and addressed in accordance with the instructions in the Settlement and Long Form Notice.

## **Further Papers in Support of Settlement and Fee Application**

24. Class Representatives and Class Counsel shall file their Motion for Final Approval of the Settlement no later than February 1, 2019. Class Representatives and Class Counsel shall file their Request for Fee Application, and Request for Service Fees for Class Representatives no later than October 8, 2018. The Request for Fee Application shall identify an amount of attorneys' fees and advanced expenses for each Law Firm and an aggregated amount of requested fees and advanced expenses. The Fee Application of each law firm shall be amended no later than February 1, 2019, to include the amount of attorney's fees and advanced expenses provided since the initial Request for Fee Application.

25. Class Representatives and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, Amended Request for Fee Application, and Request for Service Fees for Class Representatives no later than February 1, 2019. If any of the Lexon Defendants chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, he or it also must do so no later than February 1, 2019.

## **Effect of Failure to Approve the Settlement or Termination Thereof**

26. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Judgment and Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) The Second Amendment to Complaint shall be dismissed without prejudice;

(b) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(c) All of the Parties' respective pre-Settlement claims and defenses will be preserved;

(d) Nothing contained in this Order is, or may be construed as, any admission or concession by or against any party on any point of fact or law; and

(e) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents

relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence.

## Stay/Bar of Other Proceedings

27. All proceedings in this Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Class Representatives, all persons or entities in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any party to be released by the Agreement any action or proceeding in any court asserting any claim to be released by the Settlement.

## Schedule of Events

28. Based on the foregoing, the Court recommends the following schedule for the Final Fairness Hearing and the actions which must precede it:

(a) Class Representatives and Class Counsel shall file their Request for Fee Application, and Request for Service Fees for Class Representatives no later than October 8, 2018.

(b) The Settlement Administrator shall establish the Settlement Website and help line as soon as practicable following Preliminary Approval, but no later than October 15, 2018;

(c) The Settlement Administrator shall begin the Notice Program no later than October 15, 2018 and complete the Notice Program no later than November 5, 2018;

(d) Settlement Class Members must file any objections to the Settlement no later than January 22, 2019;

(e) Class Representatives and Class Counsel shall file their responses to timely filed objections to Settlement no later than February 1, 2019;

(f) If any of the Lexon Defendants chooses to file a response to timely filed objections to Settlement, he or it shall do so no later than February 1, 2019;

(g) Class Representatives and Class Counsel shall file their Motion for Final Approval of the Settlement, Amended Request for Fee Application, and Request for Service Fees for Class Representatives no later than February 1, 2019;

(h) The Fee Application of each law firm shall be amended no later than February 1, 2019, to include the amount of attorneys' fees and advanced expenses provided since the initial Request for Fee Application; and

(i) The Final Fairness Hearing will be held on February 20, 2019, at 9:00 a.m. in Courtroom 1 of the Brunswick Courthouse, 801 Gloucester Street, Brunswick, GA 31520.

**SO REPORTED AND RECOMMENDED** this 10th day of October, 2018, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA