IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STEPHEN AGNONE & ENZO AGNONE; DOUGLAS & CYNTHIA PORCELLI; BRIDGE POINTE AT JEKYLL SOUND COMMUNITY ASSOCIATION, INC., et al., <br><br>Plaintiffs, <br><br>v. <br><br>CAMDEN COUNTY, GEORGIA; WILLIS R. KEENE, JR.; JIMMY STARLINE; CHUCK CLARK; TONY SHEPPARD; GARY BLOUNT; DAVID L. RAINER; KATHERINE NISI ZELL; CHARLENE SEARS; STEPHEN L. BERRY; STEPHEN L. HOWARD; O. BRENT GREEN; JOHN MCDILL; DAVID KEATING; SCOTT BRAZELL; LEXON INSURANCE COMPANY; THOMAS A. DIERUF; DAVID E. CAMPBELL; JEKYLL SOUND DEVELOPMENT COMPANY, LLC; and CAMDEN COUNTY DEVELOPMENT, LLC, <br><br>Defendants. | Civil Action No: 2:14-cv-00024-LGW-BKE |

## **FINAL ORDER**

After a careful, *de novo* review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES AS MOOT** the original Request for Class Representative Service Awards and Class Counsel Attorneys' Fees and Expenses Pursuant to Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 54(d)(2), (Doc. 96), **GRANTS** the Motion for Final Approval of Class Settlement, Amended Request for Attorneys' Fees and Service Awards, as supplemented, and Petition for Approval of

12170.10
12182.4

Qualified Settlement Fund, (Docs. 110, 111, 112 & 117), **FINALLY CERTIFIES** the class action, **FINALLY APPROVES** the class settlement, and finds and orders as follows:

A.  Notice to the Settlement Class Members has been provided as directed by this Court in the Preliminary Approval Order, and such Notice constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of Rule 23 and due process, and all other applicable laws.

B.  The Settlement Class, as set forth above and in the Preliminary Approval Order, is finally certified as a non-opt out class pursuant to Rule 23(b)(1) and 23(b)(2).

> All persons or entities who hold legal or equitable title as of the date of preliminary approval of the Class Action Settlement to any Unit or Parcel in the Bridge Pointe at Jekyll Sound Subdivision and any transferees of any Unit or Parcel following preliminary approval of the Class Action Settlement, except for BPJS Investments, LLC; Robert Steven Williams, Sr.; Robert Steven Williams, Jr.; and any related entities or persons, as these entities are obligated to release any and all claims against Lexon Insurance Company and any related entities or persons (together the "Lot Owners").

The Settlement Class meets all of the requirements of Fed. R. Civ. P. 23(a), (b)(1) and (b)(2).

C.  The final certification of the Settlement Class is for settlement purposes only and shall not constitute, nor be construed as, evidence or an admission on the part of the Defendants that this Action, or any other proposed or certified class action, is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any other class action statute or rule.

D.  If any appeal is taken from the Final Order and the approval of the Settlement is not upheld on appeal, or the Settlement Agreement is terminated pursuant to its terms, the Settlement Class shall be decertified, the Settlement Agreement and all negotiations, proceedings and documents prepared, and statements made in connection with the Settlement shall be without prejudice to any Party, and shall not be deemed or construed to be an admission or confession by

any Party of any fact, matter, issue or proposition of law; all Parties shall stand in the same procedural posture as if the Settlement Agreement had not been negotiated, made, signed or filed with the Court; and the Final Order, any judgment, any dismissal with prejudice, and other order entered in connection with the Settlement and releases delivered in connection with the Settlement shall be vacated and treated as if they are null and void, notwithstanding the principles of res judicata, collateral estoppel, or claim preclusion. Jurisdiction is reserved, without affecting the finality of the Final Order, to allow the Court to vacate the Final Order in the event approval of the Settlement is not upheld on appeal or the Settlement Agreement is terminated pursuant to its terms.

E.  The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 23 and applicable law. The Parties shall comply with the terms of the Settlement Agreement, which is incorporated herein by reference. There was no fraud or collusion behind the Settlement. Absent the Settlement, the Parties and the Court would incur further substantial time and expense over a long period of litigation and any appeals. Sufficient investigation and discovery were conducted, both informally and by formal confirmatory discovery, in order to make an informed and reasoned decision regarding the Settlement. Class Representatives faced substantial risk in the Action that could have resulted in the Settlement Class receiving nothing. The realistic range for this case is anywhere from no relief at all, and therefore no infrastructure improvements in the Subdivision, to the face amount of the Bonds plus attorneys' fees and litigation costs. Class Counsel, who have substantial experience with complex litigation, are of the opinion that the Settlement is fair, reasonable, and

adequate. The Settlement provides substantial benefits for the Settlement Class which are fair, reasonable, and adequate.

F. The Settlement shall not constitute an admission or finding of liability or wrongdoing on the part of the Lexon Defendants, Class Representatives, or Settlement Class Members.

G. Attorneys Robert Aitkens, John Sparks and their respective firms are appointed finally and recognized as having acted as Class Counsel for the Settlement Class. The Court is familiar with the efforts by Class Counsel in this action and finds they have vigorously investigated and pursued this litigation on behalf of the Class Representatives and the Settlement Class. Class Counsel have, at all times, fairly and adequately represented Class Representatives and the Settlement Class; diligently and competently performed all their duties owed to Class Representatives and the Settlement Class; and considered and pursued the appropriate avenues of relief for Class Representatives and the Settlement Class.

H. The Court has carefully reviewed, weighed, and considered Class Counsels' Amended Request for Class Representatives' Service Awards and Class Counsel Attorneys' Fees and Expenses Pursuant to Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 54(d)(2) and Supplemental Request for Class Counsel Attorneys' Fees and Expenses, (Docs. 111, 117), and the arguments and evidence presented relative to said motions. The Settling Parties report they did not discuss the payment of attorneys' fees, costs, expenses, and a Service Award to Class Representatives, until after the substantive terms of the Settlement had been agreed upon. The Court has considered, *inter alia*: the benefit conferred on the Class, the complexity of the issues, the duration of the case, the risks to which Class Counsel were exposed, the experience, reputation, and skill of the attorneys involved, awards in similar cases, time and labor required, the lodestar, other

12170.10
12182.4

sources of payment and reaction of Class Members. The Final Class Counsel Attorneys' Fees and Expenses, and Service Awards sought are to be paid from the Final Settlement Fund. Based on the foregoing, the Court hereby grants the Amended Request for Class Representatives Service Awards and Class Counsel Attorneys' Fees and Expenses Pursuant to Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 54(d)(2) as amended by the Supplemental Request for Class Counsel Attorneys' Fees and Expenses, and awards Class Counsels' Final Class Counsel Attorneys' Fees and Expenses in the amount of $344,449.42, which shall be paid from the Final Settlement Fund as provided in the Settlement Agreement and as directed below. The original Request for Class Representatives Service Awards and Class Counsel Attorneys' Fees and Expenses Pursuant to Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 54(d)(2) is denied as moot. (Doc. 96).

I. Douglas Porcelli, Joseph Moronese, Jr., and Richard Mumford are finally appointed and recognized as having acted as Class Representatives for the Settlement Class. Class Counsel has also requested the payment of Service Awards to the Class Representatives in the amount of $5,000 each for their time and efforts spent in pursuit of this litigation. The Court finds a Service Award in the amount of $5,000 for each of the Class Representatives is fair, reasonable, and adequate under the circumstances. Accordingly, the Court hereby grants Class Counsel's motion for a Service Award in the amount of $5,000 each for Class Representatives Porcelli and Mumford, which shall be paid from the Settlement Fund per the terms of the Settlement Agreement. Class Representative Joseph Moronese, Jr. has declined a Service Award.

J. The Court notes there were no objections to the Settlement, or any matters related thereto or to the Class Representatives' Motion for Final Approval of Class Settlement, or their Request for Class Representative Service Awards and Class Counsel Attorneys' Fees and Expenses Pursuant to Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 54(d)(2).

12170.10
12182.4

K. The Court further orders that, within ten (10) business days of the entry of this Final Order Approving the Class Action Settlement and the exhaustion of any appeal of such Final Order ("Final Approval Order"), the Lexon Defendants shall pay the Lexon Settlement Fund Payment in the amount of $7,750,000.00 into the Registry of the Court for immediate transfer to CRIS and the Registry of the Court shall pay from CRIS, within ten (10) days of receipt of written request from Robert G. Aitkens of Aitkens & Aitkens, P.C., the following amounts to the identified payees: (1) $10,000 for Class Representative Service Awards to Aitkens & Aitkens, P.C. at 1827 Powers Ferry Road, Building One, Suite 100, Atlanta, Georgia 30339 for payment to each of the two Class Representatives, respectively, in the amount of $5,000 each, and (2) $246,725.23 for the portion of the Final Class Counsel Attorneys' Fees and Expenses payable to Aitkens & Aitkens, P.C. to be mailed to 1827 Powers Ferry Road, Building One, Suite 100, Atlanta, Georgia 30339, (3) $97,724.19 for the portion of the Final Class Counsel Attorneys' Fees and Expenses payable to Austin & Sparks, P.C. to be mailed to 2974 Lookout Place, NE, Suite 200, Atlanta, Georgia 30305, and (4) the balance in CRIS, including all accrued interest thereon to Fidelity Bank, the Escrow Agent, care of Mr. William W. Keith, Senior Vice President, Fidelity Bank, Trust Services, 3490 Piedmont Road, NE, Suite 700, Atlanta, Georgia 30305, completing payment of the Final Settlement Fund.

L. The Court approves the Petition for Petitioner Qualified Settlement Fund, and the escrow agreement attached thereto, and will issue a separate order regarding that Petition.

M. Upon payment of the Lexon Settlement Fund Payment into the Registry of the Court each Settlement Class Member shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished, and discharged all claims against each of the Lexon Defendants, as set forth in the Settlement Agreement. Upon payment

of the Lexon Settlement Fund Payment into the Registry of the Court, each Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the claims against the Lexon Defendants as set forth in the Settlement Agreement.

N. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order shall be deemed an appealable final order.

O. The Action is hereby dismissed, with prejudice, as against all Defendants, on the terms and conditions set forth in the Settlement Agreement and without costs to any party, except as provided herein or in a separate order of the Court, in the Preliminary Approval Order, or in the Settlement Agreement.

P. Jurisdiction is reserved, without affecting the finality of the Final Order, over:

1. Effectuating, enforcing, and administering the Settlement and the terms of the Settlement Agreement, including but not limited to: (i) restoring all rights, claims, and defenses, to their exact same status as immediately prior to execution of the Term Sheet, as described in Paragraph 14 of the Settlement Agreement, (ii) altering, amending, or vacating the Final Order and Judgment; and (iii) vacating the dismissal with prejudice, in the event approval of the Settlement is not upheld on appeal or if the Settlement Agreement is terminated pursuant to its terms; and

2. Determining whether, in the event an appeal is taken from any aspect of this Final Order, notice should be given at the appellant's expense to the Settlement Class

12170.10
12182.4

Members apprising them of the pendency of the appeal and such other matters pertaining to the Settlement Class as the Court may order.

SO ORDERED this __10__ day of April, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

12170.10
12182.4